UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROAM INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> WE ROAM, LLC, <br><br> Defendant. | Civ. No. __1:17-cv-6062__ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Roam International, Inc. ("Roam"), by and through its attorneys, Orrick, Herrington & Sutcliffe LLP, brings this action for trademark infringement, cybersquatting, and unfair competition under the Lanham Act, and for related claims of infringement, dilution, deceptive business practices, false advertising, and unfair competition under the statutory and common laws of New York against Defendant We Roam, LLC ("Defendant"). Roam hereby alleges, upon knowledge with respect to its own acts and those it has witnessed first-hand, and upon information and belief with respect to all other matters, as follows:

## NATURE OF THE ACTION

1. Roam brings this action under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, New York state law, and the common law seeking injunctive and monetary relief relating to Defendant's unauthorized use of Roam's trademark ROAM as a trademark and in the domain name <www.we-roam.com>, in connection with the advertising, promotion, and provision of a "travel-while-working program" and related services, including providing temporary accommodations, travel services, and workspaces.

2. Roam has adopted and used continuously and exclusively, since at least as early as February 2, 2016, the trademark ROAM in connection with arranging temporary housing

1

accommodations and room rentals, providing and arranging premium global co-living and co-working spaces and communities, providing consumers opportunities to live, work, and travel comfortably across multiple locations and within a variety of countries and continents, and providing information relating to these services.  Roam owns a federal trademark registration for the mark ROAM (U.S. Reg. No. 5,074,193) for use in connection with "hotel services."  The application that matured into this registration was filed on April 28, 2015 and, therefore, confers Roam with a nationwide right of priority as of that date.  *See* 15 U.S.C. § 1057(c).  Roam also owns a trademark application for the mark ROAM (U.S. Serial No. 86/847,050) for use in connection with "hotel services; arranging temporary housing accommodations; rental of rooms as temporary living accommodations; providing a website featuring information in the field of hotels and temporary accommodations; providing information in the field of temporary accommodation," which was filed on December 11, 2015.

3. Roam has expended considerable resources promoting, advertising, and offering its services under its ROAM mark and through its efforts, Roam has developed substantial goodwill and widespread consumer recognition in connection with its ROAM mark.

4. After Roam's April 28, 2015 and December 11, 2015 application filing dates, and after Roam began using the ROAM mark and publicly launched its business, Defendant adopted and began using the confusingly similar term "We Roam" (wholly encompassing Roam's ROAM mark) in connection with its competing and related "travel-while-working program" and global co-living and co-working services, including providing temporary accommodations, travel services, and workspaces, offering the services to the same types of consumers and through the same channels of trade and advertising.

5. Defendant's unauthorized use of Roam's ROAM trademark is likely to mislead

and misdirect consumers looking for Roam's services, and to cause consumer confusion as to source, sponsorship, or affiliation.

6. Roam seeks injunctive relief to prevent Defendant from using its ROAM mark in any way and further seeks monetary damages resulting from Defendant's infringing acts. Through this action, Roam seeks to protect its valuable trademark rights in its ROAM mark, and to avoid confusion, mistake, or deception of its consumers.

## THE PARTIES

7. Plaintiff Roam is a corporation organized and existing under the laws of Delaware. Its principal place of business is 1 Little West 12th Street, New York, New York 10014.

8. Upon information and belief, Defendant We Roam is a corporation organized and existing under the laws of Delaware, with a principal place of business at 137 W. 25th Street, 11th Floor, New York, New York 10001.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Roam's claims pursuant to 15 U.S.C. §1121 (Lanham Act), 28 U.S.C. §1331 (Federal Question Jurisdiction), 28 U.S.C. §1367 (Supplemental Jurisdiction), and 28 U.S.C. §§ 1338(a)-(b) (Trademark, Copyright, and Unfair Competition).

10. This Court has personal jurisdiction over Defendant, who has engaged in business activities in, and whose acts and omissions pursuant to this action have taken place in, been directed to, and been committed with knowledge that the effects of such acts and omissions would affect Roam and its consumers in the state of New York and in this district. Upon information and belief, Defendant's principal place of business is in New York and it has a New

York address for Department of State mail process at 137 W. 25th Street, 11th Floor, New York, New York 10001.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because both Defendant and Roam reside in this district, and because a substantial part of the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

### Roam's Exclusive Rights to the ROAM Trademark

12.     Founded in January 2015 (originally as Caravanserai Inc.) in New York, Roam operates and provides premium global co-living and co-working spaces and communities, allowing consumers opportunities to live, work, and travel comfortably across multiple locations and within a variety of countries and continents.  Roam also provides temporary accommodation services, event planning, information, and other related services under its ROAM brand.

13.     Roam launched its services in connection with providing global premium co-living and co-working spaces and communities, and providing information, event planning, and related services under the ROAM mark at least as early as February 2, 2016.  Roam has continuously and exclusively used the ROAM mark in connection with these services throughout the United States and world, including in New York, since its date of first use.  Roam owns and operates a website hosted at the domain <www.roam.co>, which it registered on December 18, 2015.

14.     Roam has received widespread industry recognition for its groundbreaking services and has been featured in several articles and blogs since its founding in 2015 and as of its global launch of its services in February 2016.

15.     The ROAM mark is an inherently distinctive mark that is recognized by

4

consumers as a source identifier for Roam's services provided under the mark. Roam has continuously and without interruption used its ROAM mark in interstate commerce in connection with advertising, promotion, and provision of its premium global accommodations and co-working services.

16. Roam is the owner of the trademark ROAM (Reg. No. 5,074,193 for "hotel services") registered with the U.S. Patent and Trademark Office ("USPTO"), with a filing date of April 28, 2015, establishing a priority date of April 28, 2015.

17. Roam is also the owner of the pending application for the trademark ROAM (App. Serial No. 86/847,050) filed with the USPTO on December 11, 2015 (establishing a priority date of December 11, 2015), on an intent to use basis for "Hotel services; arranging temporary housing accommodations; rental of rooms as temporary living accommodations; providing a website featuring information in the field of hotels and temporary accommodations; providing information in the field of temporary accommodation."

18. As a result of Roam's substantial investment in developing and growing its ROAM brand of global co-living and co-working spaces and communities that allow its consumers the opportunity to live, work, and travel across the various continents, the ROAM mark and brand has acquired extensive goodwill and an outstanding reputation in the market. And, through its extensive and continuous use, media coverage, and publicity, Roam's ROAM mark has become well-known in the State of New York and throughout the United States and globally. The ROAM brand is extremely valuable and important to Roam.

**Defendant's Infringing Activities**

19. On information and belief, Defendant registered the confusingly similar domain name <www.we-roam.com> on February 9, 2016—a date well after Roam's April 28, 2015 and

December 11, 2015 application filing dates and after Roam's first use of its ROAM mark and public launch of its services. Defendant hosts a website at the <www.we-roam.com> domain where its substantially similar and overlapping services are advertised and sold under the nearly identical mark "We Roam." On information and belief, Defendant announced a launch date of its "We Roam" services on its Facebook account on March 7, 2016, well after Roam's trademark application filing dates and date of first use of its ROAM mark. On information and belief, Defendant announced on its Facebook account that its "first wave of applications" were "trickling in" on March 16, 2016. On information and belief, Defendant also interchangeably uses the term "Roamers" on its website and social media accounts to refer to its customers.

20. Roam has both priority of use and filing over Defendant based on its earlier first use in commerce date of the ROAM mark on February 2, 2016, and its earlier priority date based on its April 28, 2015 USPTO filing date. Defendant did not register or use its <www.we-roam.com> domain name in connection with the offering of any goods or services before Roam developed enforceable rights in its ROAM trademark or before Roam registered its <www.roam.co> domain name on December 18, 2015. On information and belief, Defendant does not make a noncommercial or fair use of Roam's marks on its website, but rather, offers its own substantially similar and overlapping services.

21. Roam has never authorized nor consented to Defendant's use of the ROAM mark or the <www.we-roam.com> domain name.

22. Both Roam and Defendant operate in a unique marketspace, providing users with premium and comfortable travel accommodations, including the ability to work in a co-working environment. Further, both Roam and Defendant offer their services in the United States and abroad, including in the same locations. Defendant's use in commerce of "We Roam", the <we-

6

roam.com> domain name and "We Roam" website in connection with the sale, offering for sale, promotion, or advertising of its co-living and co-working traveling services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Roam, or as to the origin, sponsorship, or approval of Defendant's services.

23.     Consumer confusion is not only likely but has already occurred since the launch of Defendant's services.  Moreover, consumer confusion will undoubtedly continue to occur on a large scale as Defendant's substantially similar and overlapping services pose a real and continuing threat to Roam's brand by offering competing premium global co-living and co-working services and accommodations under a nearly identical mark ("We Roam") and domain (<www.we-roam.com>).  In addition, Defendant's interchangeable use of "We Roam" and "Roamers" (without the "We") to advertise, promote, or refer to its services or consumers further increases the likelihood of consumer confusion with the ROAM mark.

24.     On information and belief, Defendant had knowledge of Roam and its ROAM mark and domain name prior to registering the <www.we-roam.com> domain name and adopting the "We Roam" mark and services.  On information and belief, Defendant intended to divert Roam's consumers by using a mark and domain name that was confusingly similar to Roam's <www.roam.com> domain name and ROAM mark and brand for substantially similar and overlapping services and intended to or did profit from its actions.  On information and belief, Defendant acted willfully and with knowledge of Roam's exclusive rights and goodwill in the ROAM mark.

25.     Roam's provision of premium global co-living and co-working spaces and accommodations, allowing consumers to live, work, and travel comfortably across multiple locations and within a variety of countries and continents, is unique and appreciated by

consumers and contributes to the goodwill of Roam's trademarks and brand.  To have its consumer base confused about the source or affiliation of premium co-living and co-working spaces poses a substantial risk of diminishing the value and goodwill of Roam's brand and reputation.

26. Defendant's actions and conduct have been, and unless enjoined, will continue to be, in violation of the Lanham Act and New York state and common laws governing trademark infringement, unfair competition, cybersquatting, dilution, injury to business reputation, deceptive acts and practices, and false advertising.  As a result of Defendant's actions, Roam has suffered damages and irreparable harm and continues to suffer injury, including lost revenues, loss of control over its reputation, and loss of goodwill.

## FIRST CLAIM
### Federal Trademark Infringement (15 U.S.C. § 1114(1))

27. Roam hereby repeats and realleges each and every allegation of this Complaint set forth in paragraphs 1-26 as if fully set forth herein.

28. Roam owns United States Trademark Registration No. 5,074,193 for the mark ROAM for "hotel services."  The registration is valid and subsisting.

29. Defendant's unauthorized use in commerce of "We Roam," and of the <we-roam.com> domain name and "We Roam" website in connection with the sale, offering for sale, promotion, or advertising of its co-living and co-working traveling services, despite Roam's continuous and exclusive use and senior rights in its distinctive ROAM mark, and without the authorization or consent of Roam, is likely to cause confusion, or to cause mistake, or to deceive, in violation of the Lanham Act, 15 U.S.C. § 1114.

30. On information and belief, Defendant acted with knowledge of Roam's exclusive rights and goodwill in the ROAM mark.

31. Roam has suffered damages and irreparable harm as a result of Defendant's infringement and will continue to suffer irreparable injury unless Defendant and its officers, agents, and employees, and all persons acting in concert with Defendant, are enjoined from engaging in any further such acts in violation of 32(l) of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND CLAIM
### Federal Unfair Competition (15 U.S.C. § 1125(a)(1)(A))

32. Roam hereby repeats and realleges each and every allegation of this Complaint set forth in paragraphs 1-31 as if fully set forth herein.

33. Roam's ROAM trademark is inherently distinctive.

34. Defendant's unauthorized use in commerce of "We Roam," and of the <we-roam.com> domain name and "We Roam" website in connection with the sale, offering for sale, promotion, or advertising of its co-living and co-working traveling services, despite Roam's continuous and exclusive use and senior rights in its distinctive ROAM mark, and without the authorization or consent of Roam, is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendant with Roam, or as to the origin, sponsorship, or approval of Defendant's services, in violation of 15 U.S.C. §1125(a)(1)(A).

35. On information and belief, Defendant acted with knowledge of Roam's exclusive rights and goodwill in the ROAM mark.

36. Roam has suffered damages and irreparable harm as a result of Defendant's infringement and will continue to suffer irreparable injury unless Defendant and its officers, agents, and employees, and all persons acting in concert with Defendant, are enjoined from engaging in any further such acts in violation of 15 U.S.C. § 1125(a)(1)(A).

## THIRD CLAIM
### Violation of the Anti Cybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d))

37. Roam hereby repeats and realleges each and every allegation of this Complaint set

forth in paragraphs 1-36 as if fully set forth herein.

38. Defendant has registered and used the Internet domain name <we-roam.com>, which is confusingly similar to the ROAM mark.

39. Defendant did not register or use this domain name in connection with the *bona fide* offering of any goods or services before Roam developed enforceable rights in its ROAM trademark or before Roam registered <www.roam.co>.

40. Defendant does not make *bona fide* noncommercial or fair use of Roam's marks on its website hosted at <www.we-roam.com>.

41. On information and belief, Defendant had knowledge of Roam and its ROAM mark and intended to divert consumers from Roam's <www.roam.co> website by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's website. Defendant's acts were for commercial gain and harmed the goodwill represented by Roam's ROAM mark.

42. Defendant's acts described above demonstrate bad faith intent to profit from Roam's ROAM mark and violate the federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

43. As a consequence, Roam is entitled to an injunction, Defendant's profits, Roam's damages, statutory damages, and costs of action. Moreover, because this is an exceptional case, Roam is entitled to recover treble damages, treble profits, and attorneys' fees against Defendant.

## FOURTH CLAIM
### New York Common Law Trademark Infringement

44. Roam hereby repeats and realleges each and every allegation of this Complaint set forth in paragraphs 1-43 as if fully set forth herein.

45. Through its extensive and continuous use, media coverage, and publicity, Roam's

ROAM mark has become well-known in the State of New York and throughout the United States and globally, and its services have earned tremendous goodwill and an outstanding reputation among individuals and businesses located in the State of New York and throughout the United States and world.  Roam has been continuously using its trademark for such services from a time prior to the date Defendant began use in interstate commerce of its "We Roam" services and before any priority date in the United States claimed by Defendant.

46. Defendant's unauthorized use in commerce in the State of New York and throughout the United States of "We Roam," and its use of the <we-roam.com> domain name and "We Roam" website, are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendant with Roam, or as to the origin, sponsorship, or approval of Defendant's services.

47. On information and belief, Defendant acted with knowledge of Roam's exclusive rights and goodwill in the ROAM mark.

48. Roam has suffered damages and irreparable harm and continues to suffer damages and irreparable harm as a result of Defendant's infringement and will continue to suffer irreparable injury unless Defendant and its officers, agents, and employees, and all persons acting in concert with Defendant, are enjoined from engaging in any further such acts in violation of the common law of the State of New York.

## FIFTH CLAIM
**Trademark Dilution and Injury to Business Reputation**
**(N.Y. Gen. Bus. Law § 360-1)**

49. Roam hereby repeats and realleges each and every allegation of this Complaint set forth in paragraphs 1-48 as if fully set forth herein.

50. Roam's ROAM trademark is inherently distinctive within the meaning of New

11

York General Business Law § 360-1.

51. Through its extensive and continuous and uninterrupted use in commerce, media coverage, and publicity, Roam's ROAM mark has become well-known in the State of New York and throughout the United States and globally, and its services have earned tremendous goodwill and an outstanding reputation among individuals and businesses located in the State of New York and throughout the United States and world.

52. Defendant's unauthorized use of "We Roam" and of the <we-roam.com> domain name and "We Roam" website, despite Roam's continuous and exclusive use and senior rights in its distinctive ROAM mark, has injured and will continue to injure Roam's business reputation and has diluted or is likely to dilute, and unless restrained, will continue to dilute the distinctive quality of Roam's strong and distinctive ROAM mark by diminishing the exclusive association between the ROAM mark and Roam's services, or otherwise lessening the capacity of the ROAM mark to exclusively identify Roam and its services.

53. On information and belief, Defendant acted with knowledge of Roam's exclusive rights and goodwill in the ROAM mark.

54. Roam has suffered immediate irreparable harm and continues to suffer irreparable harm as a result of Defendant's conduct and will continue to suffer irreparable injury unless Defendant and its officers, agents, and employees, and all persons acting in concert with Defendant, are enjoined from engaging in any further such acts in violation of New York General Business Law § 360-1.

## SIXTH CLAIM
**Deceptive Acts and Practices and False Advertising**
**(N.Y. Gen. Bus. Law §§ 349-350)**

55. Roam hereby repeats and realleges each and every allegation of this Complaint set

forth in paragraphs 1-54 as if fully set forth herein.

56. Defendant's unauthorized use of "We Roam," and of the <we-roam.com> domain name and "We Roam" website, despite Roam's continuous and exclusive use and senior rights in its distinctive ROAM mark, and without the authorization or consent of Roam, are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendant with Roam, or as to the origin, sponsorship, or approval of Defendant's services. Defendant's use of "We Roam" constitutes an unlawful and deceptive act and practice in connection with the advertising, promotion, marketing, distribution, and sale of services in the State of New York.

57. Defendant's acts constitute false advertising and deceptive acts and practices in violation of New York General Business Law §§ 349 and 350, *et seq*.

58. On information and belief, Defendant has acted willfully and deliberately and has profited and been unjustly enriched by sales it would not have otherwise made but for its unlawful conduct.

59. Roam has suffered immediate irreparable harm and continues to suffer irreparable harm as a result of Defendant's conduct and will continue to suffer irreparable injury unless Defendant and its officers, agents, and employees, and all persons acting in concert with Defendant, are enjoined from engaging in any further such acts in violation of New York General Business Law §§ 349-350.

60. Roam has been and will continue to be harmed by Defendant's conduct in an amount to be determined at trial , as well as an award of attorneys' fees under New York General Business Law §349(h).

### SEVENTH CLAIM
### New York Common Law Unfair Competition

61. Roam hereby repeats and realleges each and every allegation of this Complaint set forth in paragraphs 1-60 as if fully set forth herein.

62. Defendant's unauthorized use of "We Roam," and of the <we-roam.com> domain name and "We Roam" website, despite Roam's continuous and exclusive use and senior rights in its distinctive ROAM mark, and without the authorization or consent of Roam, is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendant with Roam, or as to the origin, sponsorship, or approval of Defendant's services, and constitutes trade name and trademark infringement, unfair competition, and misappropriation of Roam's goodwill and reputation in violation of the laws of the State of New York.

63. On information and belief, Defendant acted with knowledge of Roam's exclusive rights and goodwill in the ROAM mark and acted willfully, and in conscious disregard of Roam's rights.

64. Roam has been and continues to be damaged by Defendant's actions amounting to unfair competition in violation of the common law of the State of New York in an amount to be determined at trial.

65. Roam has suffered immediate irreparable harm and continues to suffer irreparable harm as a result of Defendant's conduct and will continue to suffer irreparable injury unless Defendant and its officers, agents, and employees, and all persons acting in concert with Defendant, are enjoined from engaging in any further such acts in violation of the common law of the State of New York.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Roam respectfully requests that the Court grant the following relief:

A. Enter judgment in favor of Roam on all claims.

B. Preliminarily and permanently enjoin Defendant from directly or indirectly engaging in any further trademark infringement or unfair competition against Roam, and from aiding, abetting, encouraging, or inducing others to do so.

C. Direct Defendant to file with this Court and serve upon Roam within thirty (30) days after service upon Defendant of any injunction herein, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

D. Order an accounting and order Defendant to pay over to Roam:

  i. All monetary gains, profits, and advantages derived by Defendant from the acts complained of herein;

  ii. Damages incurred by Roam;

  iii. Statutory damages for violation of 15 U.S.C. §1125(D)(1) in the amount of $100,000 per infringing domain name;

  iv. Treble damages as provided by law and pursuant to 15 U.S.C. § 1117(a) and N.Y. Gen. Bus. Law § 349(h);

  v. Punitive and exemplary damages as provided by law and to be determined by the Court after a full hearing on the merits and pursuant to the laws of the State of New York; and

  vi. Roam's costs and disbursements in this action, including reasonable attorneys' fees and prejudgment and post-judgment interest, and pursuant to 15 U.S.C. § 1117(a) and the laws of the State of New York.

E. Order that Defendant transfer ownership of the domain name <www.we-roam.com> to Roam.

F. Order that Defendant, and all other persons in privity or acting in concert with

Defendant, take affirmative steps to dispel any actual confusion that heretofore has been created by the trademark infringement described above.

    G.    Award Roam any other or further relief that the Court deems just or appropriate;

## JURY DEMAND

Roam hereby demands a trial by jury for all issues and claims properly triable thereby.

Dated: August 11, 2017                    Respectfully Submitted,

                                          ORRICK, HERRINGTON & SUTCLIFFE LLP

                                          By:  */s/ Peter D. Vogl*
                                                Peter D. Vogl
                                                pvogl@orrick.com
                                                51 W 52nd Street
                                                New York, NY  10019
                                                Telephone:  (212) 506-5000

                                                *Of Counsel:*

                                                Scott Lonardo
                                                slonardo@orrick.com
                                                1000 Marsh Street
                                                Menlo Park, CA 94025
                                                Telephone:  (650) 289-7125

                                                Eileen Z. Aghnami
                                                eaghnami@orrick.com
                                                The Orrick Building
                                                405 Howard Street
                                                San Francisco, CA 94105
                                                Telephone:  (415) 773-5700

                                                *Attorneys for Plaintiff Roam International, Inc.*